John Meyer, MT Bar # 11206
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149 | Phone
John@cottonwoodlaw.org

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, <br><br> Plaintiff, <br><br> vs. <br><br> LEANNE MARTEN, in her official capacity as Regional Forester; *et. al.*, <br><br> Defendants. | Case No. 2:20-cv-00031-BMM-JTJ <br><br> **REPLY BRIEF IN SUPPORT OF RULE 60 MOTION TO OPEN JUDGMENT** |

## INTRODUCTION

Plaintiff Cottonwood Environmental Law Center seeks to reopen the judgment to file an amended complaint that challenges the Forest Service's failure to prepare a supplemental EIS for the BMW forest management project in light of new information and changed circumstances. The NEPA analysis for the old growth logging project states the forests will remain forests after logging, not converted to nonforests. Doc. 29-3 at 3, ¶12. After the Record of Decision for the project was published, the National Academy of Sciences published a peer-reviewed article by researchers from Montana State University and other colleges that states logged forests may not grow back because of climate change. Doc. 29-3 at 4, ¶ 13. The new science was never considered in NEPA analysis for the BMW project and contradicts the impacts that were disclosed for the project. Doc. 29-3 at 5, ¶¶19-22.

The Court's order dismissing the complaint does not address whether Cottonwood can state a claim that old growth forests not growing back after logging is significant new information. The Ninth Circuit order affirming this Court's dismissal is totally silent on the National Academy of Sciences article. Contrary to the Forest Service argument, Cottonwood is not forever barred from challenging the old growth timber sale for failing to consider new science and implementing the outdated 1987 Forest Plan, which the agency admits will have impacts because it does not contain management direction to address climate change.

## ARGUMENT

I. <u>The Court Should Reopen the Judgment to Allow Cottonwood to file an Amended Complaint.</u>

The Court should grant this motion because dismissal of the previous claim challenging the BMW timber sale is based on false pretenses by the Forest Service. The original amended complaint that Cottonwood filed and the Court dismissed alleges:

> 57. The 1987 Forest Plan did not address climate change.
>
> 58. The Forest Service decision to revise the Forest Plan to address climate change is significant new information that triggered the need to prepare supplemental NEPA analysis for the projects.

Doc. 3. The order dismissing the complaint states, "Cottonwood fails to provide facts or case law that would support a claim that an announced forest plan revision by itself constitutes new information that affects the environment and triggers supplementation of the original forest plan EIS." Doc. 23 at 9. Cottonwood's proposed amended complaint adds additional factual allegations:

> 55. The NEPA analysis for the BMW timber sale states the logged forests are expected to remain forests after the logging.
>
> 56. The 2017 NAS study states forests may convert to nonforest after logging because of climate change and associated impacts.
>
> 59. The Forest Service acknowledged it needed to revise the 1987 Forest Plan because "[d]irection guided by new information and science is needed to address impacts reasonably expected to occur as a result of climate change." FEIS Ch. 1 p. 5.

2

60. Logged forests converting to nonforest because of climate change and drought is a reasonably foreseeable impact that was not analyzed in the EIS for the BMW timber sale or the 1987 Forest Plan.[1]

II. <u>Filing the Proposed Amended Complaint as a New Action Would Not Be Barred by Res Judicata.</u>

The Forest Service argues that if the Court allows Cottonwood to file the proposed Amended Complaint as a new action, it would be barred by res judicata. Brf. at 12-13. According to the Forest Service, "a dismissal under Rule 12(b)(6) is a final judgment on the merits." Brf. at 12 citing *Stewart v. U.S. Bancorp*, 297 F.3d 953, 959 (9th Cir. 2002). Other courts have already analyzed and denied this suggestion when an order dismissing a complaint does not say whether it was "with" or "without" prejudice. *Newmark Grp., Inc. v. Avison Young (Canada) Inc.*, 2019 U.S. Dist.

---

[1] In its motion to dismiss briefing, the Forest Service cited ¶58 of the amended complaint and told the Court, "[t]he Forest Plan revision has not been finalized, and there is thus no final agency action for Plaintiff to challenge under Section 706(2) of the APA." (Doc. 14-1 at 15-16). The Court accepted this argument and held it would not make the Forest Service prepare duplicative analysis and Cottonwood could file a new action when the Forest Plan revision was completed. Doc. 23. After the revised Forest Plan was published, Cottonwood filed a new action challenging its implementation through the BMW project. *Cottonwood Environmental Law Center v. Erickson, et al.*, 2:22-cv—0005-BMM. That case has been stayed pending the outcome of this action. *Id.* (Doc. 10). The Forest Service now argues the BMW project implements the 1987 Forest Plan, not the revised Forest Plan. Doc. 33-1. The Forest Service cannot forever insulate the BMW forest management project from judicial review. If the BMW project implements the 1987 Forest Plan as the Forest Service now states, Cottonwood should be permitted to reach the merits of a NEPA challenge to the BMW project either by reopening judgment to amend the complaint in this action or by filing the proposed amended complaint as a new action.

3

LEXIS 22654 at *6-10 (D. Nev. 2019) (citations omitted). In *DiMartini v. Purcell Tire & Rubber Co.*, the court determined:

> the District Court did not explicitly bar plaintiff from seeking leave to amend, and the order does not suggest that plaintiffs would be incapable of amending the complaint to correct the deficiencies. In addition, plaintiffs' failure to request amendment does not vitiate their attempt to amend. For these reasons, the court finds that plaintiffs are not precluded from seeking amendment on the basis of the court order itself.

2010 WL 11594907 at *8 (D. Nev. July 19, 2010).

In this case, the order dismissing the complaint does not state it was with or without prejudice or that Cottonwood could not correct deficiencies with additional factual support. Instead, the dismissal order states a Forest Service decision to amend a Forest Plan is not new information that triggers the need to prepare supplemental NEPA analysis for site-specific projects that implement the plan being revised. Doc. 23. Cottonwood's proposed Second Amended Complaint alleges not only the Forest Service determined the 1987 Forest Plan needed to be revised to create direction necessary to address climate change, but that the 2017 National Academy of Sciences article contains significant new information that was never addressed in the NEPA analysis for the BMW project or the 1987 Forest Plan that it implements. Doc. 29-1 at 5-8; 12-16.

Defendants failed to address this new factual information in the context of the Ninth Circuit precedent that Cottonwood argued in its opening brief. In *Friends of Clearwater v. Dombeck*, the court held that the Forest Service's acknowledgment that a

4

Forest Plan contained inadequate standards was new information. 222 F.3d 552, 558 (9th Cir. 2000). In this case, Cottonwood's proposed Second Amended Complaint alleges the Forest Service acknowledged "[d]irection guided by new information and science is needed to address impacts reasonably expected to occur as a result of climate change." Doc. 29-1 at 6, ¶24. The amended complaint alleges "[i]n 2017, researchers from universities across the Western United States, including Montana State University, published an article in the National Academy of Sciences that determined 'when thinning is combined with the expected warming, unintended consequences may ensue, whereby regeneration is compromised and forested areas convert to nonforest.'" Doc. 29-1 at 4, ¶13. The amended complaint alleges this is new information that contradicts the NEPA analysis for the BMW project, which states "[t]he affected forests will remain forests, not converted to other land uses, and long-term forest services and benefits will be maintained." Doc. 29-1 at 4, ¶12.

## CONCLUSION

Logged forests not growing back because of climate change is significant new information. The Court should grant Cottonwood's motion to reopen the judgment to amend the complaint to challenge the old growth timber sale, or allow Cottonwood to file the proposed amended complaint as a new action.

Respectfully submitted this 12th day of August, 2022.

/s/ John Meyer

JOHN MEYER

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12th, 2022, I served this brief on Defendants via CM/ECF.

/s/ John Meyer
JOHN MEYER
Cottonwood Envtl. Law Center
P.O. Box 412 Bozeman, MT 59771
(406) 546-0149 | Phone
John@Cottonwoodlaw.org

*Attorney for Plaintiff*